IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES of AMERICA                                  PLAINTIFF/RESPONDENT


V.                          No. 10-20057
                            No. 16-02149

NHAN VAN NGUYEN                                           DEFENDANT/PETITIONER

**MAGISTRATE JUDGE REPORT and RECOMMENDATION**

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2255 (Doc. 311) filed June 29, 2016 and Motion to Reduce Sentence (Doc. 309) filed June 27, 2016.  The United States of America filed Responses (Doc. 317 and 318) on October 7, 2016.  The Petitioner has not filed a Reply and the matter is ready for Report and Recommendation.

**I.  Background**

Nhan Van Nguyen was named in Counts One and Two of a five-count Superseding Indictment filed in the Western District of Arkansas, Fort Smith Division, on January 13, 2011. (Doc. 108). Count One charged conspiracy to distribute more than 50 grams of methamphetamine and Count Two charged distributing methamphetamine.

On April 25, 2011, Nguyen pled guilty to Count One of the Superseding Indictment. (Doc. 158). According to the Pre-Sentence Investigation Report ("PSR"), Nguyen was accountable for a total drug quantity between 500 grams and 1.5 kilograms of methamphetamine. (PSR, ¶ 24). Based on this amount of methamphetamine, Nguyen was assigned a base offense level of 32, pursuant to § 2D1.1(c)(4). (PSR, ¶ 24). Nguyen's base offense level was increased by two because he possessed a dangerous weapon and increased by two due to his role in offense.

(PSR, ¶¶ 25 and 27). This resulted in an adjusted offense level of 36. (PSR, ¶ 29). After receiving a three-level reduction for "acceptance of responsibility," Nguyen's total offense level was 33. (PSR, ¶¶ 30 - 31). However, Nguyen was found to be a Career Offender pursuant to U.S.S.G. § 4B1.1(a) based on two prior convictions for controlled substance offenses. (PSR, ¶ 32). Based on the statutory maximum 40 years imprisonment, Nguyen's offense level was determined to be 34 and with a 3-level decrease for acceptance of responsibility, his total offense level was 31(Id.). However, because his total offense level was less than the offense level otherwise applicable, his offense level remained at 33. (Id.).

At sentencing the Court determined Nguyen to be a career offender and corrected his offense level to 31 rather than 33 and also granted the Government's § 5K1.1 motion for a 5-level reduction for substantial assistance, which resulted in a guideline imprisonment range of 120 to 150 months. Nguyen was sentenced by the Court to a term of 125 months imprisonment. (Doc. 200).

On June 27, 2016 the Petitioner filed a Motion to Reduce Sentence under 18 U.S.C. §3582 contending the sentencing guidelines relative to his case have been lowered by the sentencing commission (Doc. 309) and on June 29, 2016 the Petitioner filed another Motion to Modify and Reduce Sentence based on Johnson v. United States (Doc. 311) which is treated as a motion under Section 2255.

## II. Discussion

### A. Section 3582 (Doc. 309)

In his motion, Nguyen requests that his sentence be reduced two levels. (Doc. 309, p.2). Presumably Nguyen makes this request in light of Amendment 782 to the Sentencing Guidelines, which generally reduced by two levels the offense levels assigned in U.S.S.G. § 2D1.1's Drug

Quantity Table. Amendment 782 of the Sentencing Guidelines, which became effective November 1, 2014, retroactively reduced most drug quantity base offense levels by two levels under U.S.S.G. § 2D1.1. Amendment 782 did not, however, lower the guideline range established for a career offender as computed under U.S.S.G. § 4B1.1. Id.

In this case, Nguyen's base offense level was calculated under U.S.S.G. § 4B1.1, rather than § 2D1.1, because he was determined to be a career offender. Because, Nguyen's offense level was calculated pursuant to § 4B1.1 rather than § 2D1.1, he is not eligible for a reduced sentence pursuant to the recent amendments to the drug table in the United States Sentencing Guidelines. (*See United States v. Thomas,* 775 F.3d 982, 983 (8th Cir. 2014); "However, like the earlier crack cocaine amendments, Amendment 782 amended § 2D1.1. It did not lower the sentencing range established for a career offender by § 4B1.1.). As such, Nguyen's "applicable guideline range" was unaffected by Amendment 782.

**B.  Section 2255**

Petitioner claims he is entitled to relief pursuant to Johnson because he received an increase in the offense level pursuant to U.S.S.G. §2D1.1(b)(1), which provides for a two level increase if a dangerous weapon was possessed during the offense. (Petitioner's motion, ¶ 2; PSR, ¶ 25).

**1.  Johnson v. United States**

The Petitioner's case centers around the United States Supreme Court Case of Johnson v. United States which was decided in 2015. In the Johnson case the Supreme Court, Justice Scalia, held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process, overruling *James v. U.S.*, 550 U.S. 192, 127 S.Ct. 1586, 167 L.Ed.2d 532, and *Sykes v. U.S.,*131 S.Ct. 2267, 180 L.Ed.2d 60,

and abrogating *U.S. v. White*, 571 F.3d 365, *U.S. v. Daye*, 571 F.3d 225, and *U.S. v. Johnson*, 616 F.3d 85. *See Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015).

Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. See § 922(g). In general, the law punishes violation of this ban by up to 10 years' imprisonment. See § 924(a)(2). But if the violator has three or more earlier convictions for a **"serious drug offense"** or a **"violent felony,"** the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1); *Johnson v. United States*, 559 U.S. 133, 136, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). The Act defines "violent felony" as follows:

> "any crime punishable by imprisonment for a term exceeding one year ... that—
> "(I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> "(ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another**." § 924(e)(2)(B) (emphasis added).

The emphasized text is referred to as the residual clause and it is this clause that the Supreme Court declared unconstitutional.

In 2016 the court determined *Welch v. United States*. The Supreme Court, Justice Kennedy, held that Supreme Court's Johnson decision, which held that the definition of prior "violent felony" in the residual clause of the ACCA was unconstitutionally vague under due process principles, announced a substantive rule that applied retroactively on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016).

Both Johnson and Welch delt with the ACCA and specifically with a determination of whether prior offenses constituted a "violent offense" under the residual clause.

### 2. Sentencing Guidelines

The Petitioner claims that this enhancement is in violation of "18:922(N) and 924". Doc. 311, ¶ 2). The Sentencing Guidelines provide that you increase the Base Level by two if a "dangerous weapon (including a firearm) was possessed". (USSG §2D1.1(b)(1)).

The Eighth Circuit has specifically held that Johnson "does not render § 924(c)(3)(B) unconstitutionally vague." *See United States v. Prickett*, 839 F.3d 697, 698 (8th Cir. 2016). The Prickett decision noted " "First, the statutory language of § 924(c)(3)(B) is distinctly narrower, especially in that it deals with **physical force** rather than **physical injury**." *Taylor*, 814 F.3d at 376. The "[r]isk of physical force against a victim" that § 924(c)(3)(B) requires "is much more definite than [the] risk of physical injury to a victim" that the ACCA residual clause required. Id. at 376–77. Section 924(c)(3)(B) also contains the "narrowing aspects" of "requiring that the risk of physical force arise 'in the course of' committing the offense" and "requir [ing] that the felony be one which 'by its nature' involves the risk that the offender will use physical force." Id. at 377 (quoting 18 U.S.C. § 924(c)(3)(B)). Unlike "the wide judicial latitude permitted by the ACCA's coverage of crimes that 'involve[ ] conduct' presenting a serious risk of injury," § 924(c)(3)(B) does not permit "a court to consider risk-related conduct beyond that which is an element of the predicate crime since the provision covers offenses that 'by [their] nature' involve a substantial risk that force may be used." Id. (alterations in original). Nor does § "924(c)(3)(B)'s requirement that physical force 'be used in the course of committing the offense' permit[ ] ... inquiry into conduct following the completion of the offense." Id. Instead, "the force must be used and the risk must arise in order to effectuate the crime. Thus, unlike the ACCA residual clause, § 924(c)(3)(B) does not allow courts to consider 'physical injury [that] is remote from the criminal act,' a consideration that supported the Court's vagueness analysis in Johnson." Id.

The court also noted that "§ 924(c)(3)(B) does not "link[ ] the 'substantial risk' standard, through the word otherwise, 'to a confusing list of examples.' *700 " Id. (quoting Johnson, 135 S.Ct. at 2561). Therefore, courts need not "analogiz[e] the level of risk involved in a defendant's conduct to burglary, arson, extortion, or the use of explosives." Id.

Petitioner argues that his crime does not qualify as a "violent felony", yet there was no enhancement for such. Petitioner further references in his petition the "use" prong of 18 U.S.C. § 924(c)(1) which has no relevance to his case since he was not convicted of a § 924(c) violation. He further references U.S.S.G.§ 2K2.1(b)(2) which also has no relevance to his case since he was not convicted of a firearms violation.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion for Sentence Reduction Under 18 U.S.C. §3582 (Doc. 309) and Motion to Modify and Reduce Sentence (18 U.S.C. §2255) (Doc. 311)  be **DISMISSED with PREJUDICE**.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED  December 9, 2016.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE